UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWIN GERARDO GAMEZ-CHINCHILLA, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-04427 |
| GRANT DICKEY, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Edwin Gerardo Gamez-Chinchilla's Petition for Writ of Habeas Corpus (Doc. #1), Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (Doc. #2), and Respondents' Response (Doc. #5). The Court heard oral argument on the Motion on October 28, 2025. Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion in part and orders injunctive relief.

**I.     Background**

Petitioner Edwin Gerardo Gamez-Chinchilla ("Petitioner") is a citizen of Honduras. Doc. #2 at 3. He alleges "[h]e fled Honduras on or about January 19, 2019, as a result of persecution, including being brutally beaten, due to his membership in a particular social group." *Id.* He entered the United States near McAllen, Texas on or about April 7, 2019. *Id.* On May 8, 2019, Petitioner was placed into removal proceedings. *Id.* On June 4, 2019, the Immigration Judge granted Petitioner's bond request. *Id.* at 4. Petitioner subsequently filed a Form I-589 Application for Asylum and for Withholding of Removal with the Houston Immigration Court. *Id.* On September 9, 2020, Petitioner was granted work authorization by the U.S. Citizenship and

Immigration Services ("USCIS"). *Id.* On September 10, 2021, Petitioner appeared for a hearing in his removal proceedings seeking asylum. *Id.* At the close of the hearing, the Immigration Judge denied Petitioner's claims and ordered his removal to Honduras. *Id.* On September 23, 2021, Petitioner timely appealed the Immigration Judge's decision. *Id.* Petitioner's appeal is pending before the Board of Immigration Appeals, and no final decision has been issued. *Id.* at 5.

On August 21, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") after being apprehended in front of his home. *Id.* Petitioner has no criminal history. *Id.* Petitioner is currently in ICE custody at the Joe Corley Processing Center in Conroe, Texas. *Id.* at 2. On September 17, 2025, Petitioner filed his Petition for Writ of Habeas Corpus, requesting his "immediate release from custody." Doc. #1 at 9. The same day, Petitioner filed the instant Motion for Temporary Restraining Order and Preliminary Injunction. Doc. #2. Petitioner alleges that without immediate injunctive relief, he "faces imminent and irreparable harm through removal to Honduras, where he faces persecution, including physical assault and even death, for his membership in a particular social group." *Id.* at 3. On October 28, 2025, the Court heard oral argument on Petitioner's Motion.

## II.    Legal Standard

Petitioner must show the following to be entitled to injunctive relief: "(1) a substantial likelihood that [Petitioner] will prevail on the merits, (2) a substantial threat that [Petitioner] will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to [Petitioner] outweighs the threatened harm the injunction may do to [Respondents], and (4) that granting the preliminary injunction will not disserve the public." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction "should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites." *Miss. Power & Light*

*Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

**III.   Analysis**

    **a.   Likelihood of Success on the Merits**

Petitioner seeks relief on two grounds. First, he contends that Respondents have unlawfully detained him in violation of the Immigration and Naturalization Act ("INA"). Doc. #1 at 6–7. Second, he argues that his detention violates his due process rights. *Id.* at 7–9.

Petitioner asserts that the Immigration Judge's removal order is not final and therefore cannot be executed. Doc. #2 at 5. In response, Respondents argue that Petitioner is an "applicant for admission" subject to mandatory detention under 18 U.S.C. § 1225(b)(2). Doc. #5 at 7. The Court, however, has previously rejected this argument in two substantially similar cases. *See Ortega-Aguirre v. Noem, et al.*, No. 4:25-cv-4332, Doc. #14 at 3–5 (S.D. Tex. Oct. 10, 2025); *Ascencio-Merino v. Dickey et al.*, No. 4:25-cv-4904, Doc. #9 at 3 (S.D. Tex. Oct. 21, 2025). Here, the Court finds that Petitioner is not an "applicant for admission" subject to mandatory detention under § 1225(b)(2). He entered the United States over six years ago, applied for asylum, and has shown no conduct suggesting that he poses a threat to the United States.

The Supreme Court has held that "indefinite detention of an alien" raises "a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Court in *Zadvydas*, recognized two justifications for indefinite civil detention of aliens: (1) ensuring appearance at future immigration proceedings and (2) preventing danger to the community. *Id.* Here, Petitioner's continued detention is unconstitutional. He has been held in custody since August 21, 2025, and Respondents have failed to articulate any meaningful reason why he should remain in detention pending his appeal. Petitioner has no criminal record and poses no flight risk or danger to the community. Doc. #2 at 8. As such, the Court finds Petitioner is likely to succeed on the

3

merits of his claims that his continued detention violates both the INA and due process.

### b. Irreparable Harm

Although no final order has been entered in Petitioner's case, he remains in detention. Doc. #2 at 6. As a result, Petitioner continues to be deprived of his liberty while in ICE custody. *Zadvydas*, 533 U.S. at 690. Moreover, as discussed above, Petitioner has no criminal history, poses no risk to the community, and has shown no conduct suggesting that he is a threat to the United States. *Supra* p. 3. The Court therefore concludes that Petitioner will suffer irreparable harm absent injunctive relief. *See Ortega-Aguirre*, No. 4:25-cv-4332, Doc. #14 at 6 (finding the same); *Ascencio-Merino v. Dickey et al.*, No. 4:25-cv-4904, Doc. #9 at 4–5 (finding the same).

### c. Balance of Equities

The third factor—whether Petitioner's threatened injury outweighs any potential harm to Respondents—also favors injunctive relief. As discussed, Petitioner's continued detention causes him irreparable harm. By contrast, his release under appropriate conditions designed to ensure his compliance with immigration requirements would impose, at most, minimal harm to Respondents. *See Vazquez Barrera v. Wolf*, 455 F. Supp. 3d 330, 339 (S.D. Tex. 2020) ("ICE has many other means besides physical detention to monitor noncitizens and ensure that they are present at removal proceedings and at time of removal, such as GPS monitoring and routine check-ins."). Accordingly, the Court finds that Petitioner's threatened injury outweighs any potential harm to Respondents.

### d. Public Interest

Finally, the public-interest factor also weighs in Petitioner's favor. Currently, Petitioner is not subject to a final removal order, and Respondents have presented no evidence that his continued presence in the United States poses any threat to public safety or national security. Doc.

4

#2 at 5; *see also Ortega-Aguirre*, No. 4:25-cv-4332, Doc. #14 at 7 (finding the same); *Ascencio-Merino v. Dickey et al.*, No. 4:25-cv-4904, Doc. #9 at 4–5 (finding the same). Accordingly, there is no public interest served by continuing to detain Petitioner.

### IV.  Conclusion

In conclusion, the Court finds that all four factors weigh in favor of granting Petitioner injunctive relief. Accordingly, Petitioner's Motion for Preliminary Injunction is GRANTED. Doc. #2. Moreover, Petitioner's Motion for Temporary Restraining Order is DENIED as MOOT. Doc. #2. It is hereby ORDERED that:

1. Respondents shall effect Petitioner's immediate release from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;
2. Petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while his removal proceedings remain pending;
3. Respondents, their agents, employees, and successors are restrained and enjoined from removing Petitioner from the United States while this injunction remains in effect;
4. Respondents shall notify all relevant personnel that Petitioner is not to be removed from the United States while this Order remains in effect; and
5. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

OCT 2 9 2025
Date

_____
The Honorable Alfred H. Bennett
United States District Judge